Luis Martin BADILLO–TENA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76823.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Luis Martin Badillo–Tena, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin A. Cabral, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Luis Martin Badillo–Tena, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. Reviewing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Badillo–Tena's motion to reopen as untimely because it was filed over one year after the BIA's final removal order. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after the final administrative decision was rendered).

The BIA acted within its discretion by not applying equitable tolling because Badillo–Tena did not explain how he was prevented from complying with the filing deadline. *See Iturribarria*, 321 F.3d at 897 (equitable tolling applies where an alien is prevented from timely filing because of deception, fraud, or error); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (equitable tolling applies where an alien demonstrates that he was ignorant of the filing deadline due to circumstances beyond his control).

To the extent Badillo–Tena challenges the BIA's April 28, 2004 order affirming, without opinion, an immigration judge's order denying his prior motion to reconsider, we lack jurisdiction because the petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

In light of these holdings, we do not reach Badillo–Tena's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.