**Lakhvinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05-73639.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Margaretta Eakin, Esq., Law Solutions, Inc., Chino, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Lakhvinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because he failed to demonstrate the evidence he submitted was previously unavailable. *See* 8 C.F.R. §§ 1003.2(c); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

Furthermore, to the extent Singh contends the BIA abused its discretion in determining that he failed to demonstrate prima facie eligibility for asylum, withholding, and protection under the Convention Against Torture, we disagree. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir. 2003) (to establish a prima facie case, the evidence must reveal a reasonable likelihood the statutory requirements for relief have been satisfied).

To the extent Singh challenges the BIA's underlying order dismissing his direct appeal from the immigration judge's decision, we lack jurisdiction because the instant petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.