Isaac **MONTOYA–TIERRABLANCA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–71489.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

Tamiko O. Moore, Law Office of Tamiko O. Moore, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Lindsay Williams, DOJ–U.S. Department of Justice

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and SMITH, Circuit Judges.

## MEMORANDUM **

Isaac Montoya–Tierrablanca, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision upholding an Immigration Judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481–483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Montoya–Tierrablanca did not meet the continuous physical presence requirement where documentary evidence placed him in Mexico on December 12, 1991 and he testified that he returned to the United States after a visit to Mexico on March 27, 1992. *See* 8 U.S.C. § 1229b(d)(2) (an applicant will fail to maintain continuous physical presence if he "has departed from the United States for any period in excess of 90 days"). We do not consider Montoya–Tierrablanca's contention regarding moral character because the BIA expressly stated that it adopted and affirmed only the continuous physical presence finding. *See Abebe v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 432 F.3d 1037, 1039 (9th Cir. 2005).

We lack jurisdiction to consider the BIA's April 25, 2006 denial of Montoya–Tierrablanca's motion to reconsider because he failed to timely petition this court for review of that decision. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**