**Roxana Carolina MARTINEZ, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 06–70799.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

Richard Mendez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Roxana Carolina Martinez petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252, and we review for abuse of discretion. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

To the extent the BIA construed Martinez's motion as a motion to reconsider, it did not abuse its discretion because the motion was untimely and failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). To the extent the BIA construed the motion as a motion to reopen, it did not abuse its discretion because Martinez failed to establish prima facie eligibility for relief. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (stating that prima facie eligibility requires a demonstration of "a reasonable likelihood that the statutory requirements for relief have been satisfied.").

Contrary to Martinez's contention, the BIA provided a reasoned explanation for its denial.

We lack jurisdiction to review the BIA's underlying order dismissing Martinez's direct appeal from the IJ's decision because this petition for review is not timely as to

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**