**Carlos Alberto Marquez BUENROSTRO; et al., Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**Nos. 05–74325, 05–76149.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 10, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Patricia A. Smith, Esq., DOJ–U.S. De-

partment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Carlos Alberto Marquez Buenrostro, his wife and daughter, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their first motion to reopen deportation proceedings (No. 05–74325) and the BIA's order denying their second motion to reopen deportation proceedings (No. 05–76149). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review in No. 05–74325, and we deny the petition for review in No. 05–76149.

The BIA did not abuse its discretion in denying Petitioners' first motion to reopen as untimely because it was filed more than two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final administrative decision), and the BIA clarified its earlier ruling in accor-

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dance with *Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir.2004), in any event.

We lack jurisdiction to consider Petitioners' challenge to the BIA's underlying order dismissing their direct appeal from the immigration judge's decision because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003)

The BIA did not abuse its discretion in denying Petitioners' second motion to reopen because it was numerically barred and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2), (3). Moreover, the BIA properly concluded that Petitioners were not eligible for repapering because a final administrative order had been issued. *See, e.g., Alcaraz v. INS,* 384 F.3d 1150, 1152–53 (9th Cir. 2004) (explaining eligibility requirements for repapering).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part in No. 05–74325.**

**PETITION FOR REVIEW DENIED in No. 05–76149.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.