MEMORANDUM **
Samuel Hernandez-Chavez and Irma Hernandez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. Ram v. INS, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.
The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their applications for cancellation of removal. We therefore lack jurisdiction to review the BIA’s discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. See Fernandez v. Gonzales, 439 F.3d 592, 601-03 (9th Cir.2006).
Our conclusion that we lack jurisdiction to review the BIA’s hardship determination forecloses Petitioners’ contentions that the BIA failed to explain adequately its reasons for denying the motion to reopen and failed to consider and address all of their evidence. See id. at 603-04.
To the extent Petitioners challenge the BIA’s August 30, 2007 order dismissing their underlying appeal, we lack jurisdiction because this petition for review is not timely as to that order. See 8 U.S.C. § 1252(b)(1); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir.2003).
Petitioners’ equal protection challenge to the limitations on relief under the Nicaraguan Adjustment and Central American Relief Act is unavailing. See Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 603 (9th Cir.2002).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.