**Ziba Sharon EZADI, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73783.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David L. Ross, Esquire, David L. Ross, PA, Los Angeles, CA, for Petitioner.

Stuart S. Nickum, Esquire, Anthony C. Payne, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Ziba Sharon Ezadi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion when it concluded that the evidence submitted with the motion to reopen was insufficient to demonstrate prima facie eligibility for withholding of removal. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen").

We reject Ezadi's due process contention challenging the BIA's findings regarding withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must demonstrate error to prevail on a due process claim).

To the extent Ezadi seeks review of the agency's denial of asylum and withholding of removal, we lack jurisdiction to consider the claim because the petition for review is not timely. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**