**Maria Azucena TAPIA;
et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 07–73615.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Maria Azucena Tapia, Santa Maria, CA, pro se.

Ramon Vidal Morales, Santa Maria, CA, pro se.

Mario Alberto Torres Tapia, Santa Maria, CA, pro se.

Victor Hugo Valdez Tapia, Santa Maria, CA, pro se.

Lisa Marie Arnold, Senior Litigation Counsel, OIL, Kathleen Kelly Volkert, Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Maria Azucena Tapia, Ramon Vidal Morales, Mario Alberto Torres Tapia and Victor Hugo Valdez Tapia, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen will be reversed if it is "arbitrary, irrational, or contrary to law.").

We lack jurisdiction to review the BIA's April 5, 2007 orders dismissing petitioners' underlying appeal because the petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.