**Manuel Alferez GONZALEZ,
Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 07–72906.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 1, 2009.

Manuel Alferez Gonzalez, Los Angeles, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, Holly Smith, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

**MEMORANDUM ** **

Manuel Alferez Gonzalez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Alferez Gonzalez's motion to reopen as untimely because the motion was filed more than two years after the BIA's February 10, 2005 order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Alferez Gonzalez failed to establish grounds for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent Alferez Gonzalez challenges the BIA's February 10, 2005, April 21, 2005, or August 18, 2005 orders, we lack jurisdiction because the petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

In light of our disposition, we do not reach Alferez Gonzalez's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.