**Rufino PEREZ ROMA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70068.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Rufino Perez Roma, Mission Viejo, CA, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Rufino Perez Roma, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen proceedings held in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Cir.2003). We deny in part and dismiss in part the petition for review.

■ Perez Roma failed to exhaust his contention that he did not appear at his removal proceedings because of exceptional circumstances. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

To the extent Perez Roma challenges the BIA's June 16, 2005, order vacating its prior order and remanding the administrative record to the IJ, we lack jurisdiction because this petition for review is not timely as to the 2005 order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

■ The IJ did not abuse her discretion in denying Perez Roma's motion to reopen because written notice of the hearing was mailed to the most recent address provided by Perez Roma, *see* 8 U.S.C. § 1229a(b)(5)(A), and he failed to present any new evidence to demonstrate the requisite hardship, *see* 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**