Ram SINGH, aka Singh Ram; Sukhdev Ram, Petitioner,

v.

IMMIGRATION and NATURALIZATION SERVICE, Respondent.

No. 01–71463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Filed Jan. 10, 2003.

---

Robert B. Jobe, San Francisco, CA, for the petitioner.

Robert D. McCallum, Jr., M. Jocelyn Lopez Wright, Barry J. Pettinato, Audrey B. Hemesath (argued), Office of Immigration Litigation, Washington, DC, for the respondent.

Before STAPLETON,* O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

STAPLETON, Senior Circuit Judge.

Sukhdev Ram, a.k.a. Ram Singh, ("Petitioner") seeks review of the Board of Immigration Appeals' ("BIA") denial of his petition for asylum and withholding of deportation. He submitted his petition for review after the expiration of the thirty-day period for such filings. The threshold issue is whether we have jurisdiction to entertain his petition. We conclude that we do not and, accordingly, dismiss the petition.

I.

The Immigration and Nationalization Service (the "INS") commenced deporta-

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

tion proceedings in April, 1992, alleging that petitioner was subject to deportation pursuant to INA § 241(a)(1)(B), because he had entered the United States without inspection. The Immigration Judge ("IJ") denied his applications for asylum and withholding of deportation and granted him voluntary departure.

Petitioner filed a timely *pro se* Notice of Appeal asking for review by the BIA. The form he utilized for this purpose advised him of his right to be represented by counsel, as well as the requirement that a notice of appearance be filed by any counsel secured. Thereafter, petitioner retained counsel, Virender Goswani ("Goswani"). Goswani filed a brief on petitioner's behalf but did not, at any point, file a notice of appearance.

Six years later, on October 4, 2000, the BIA issued its decision affirming the IJ's disposition. In accordance with the notice provision of the rules that is applicable to appeals in which the appellant is proceeding *pro se,* the BIA's decision was mailed to petitioner's last address of record. Because petitioner had moved from that address, Goswani and petitioner did not receive actual notice of the BIA's decision until August 13, 2001. On September 5, 2001, petitioner filed his petition for review by this court.

## II.

█ The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") amended the Immigration and Nationality Act to provide that a "petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation." IIRIRA § 309(c)(4)(C), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. This provision applies to all final orders of exclusion or deportation entered after October 30, 1996. IIRIRA § 309(c)(4). This time limit is mandatory and jurisdictional, and cannot be tolled. *Caruncho v. INS,* 68 F.3d 356, 359–60 (9th Cir.1995).

█ Ninth Circuit case law, as well as that of other circuits, recognizes two situations in which petitions for review arguably filed after expiration of the time limitation may nevertheless confer jurisdiction on a court of appeals. First, "where there has been official misleading [by the court or the BIA] as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional limits." *Hernandez–Rivera v. INS,* 630 F.2d 1352, 1355 (9th Cir.1980). Second, the "[t]ime for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to the petitioner's [or his counsel's] address of record." *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (quoting *Zaluski v. INS,* 37 F.3d 72, 73 (2d Cir.1994) (changes in original)). The rationale for this rule is that "the petitioner should not be penalized for the BIA's failure to comply with the terms of the federal regulations." 94 F.3d at 1259.

## III.

█ Petitioner does not, and could not, claim that anyone associated with the BIA or with this court misled him or his counsel as to the time within which the petition had to be filed. Rather, he relies on *Martinez–Serrano* and its progeny. He claims that the BIA should have known that petitioner had secured representation and should have sent its decision, in accordance with its rules governing counseled cases, to Goswani's address, rather than to that of petitioner. Because the BIA did not do so, petitioner argues, he had 30 days from August 13, 2001, the date of actual notice,

to file his petition for review. We are unpersuaded.

8 C.F.R. § 3.1(f) (2000) provides:

(f) *Service of Board decisions.* The decision of the Board shall be in writing and copies thereof shall be transmitted by the Board to the Service and a copy shall be served upon the alien or party affected as provided in part 292 of this chapter.

8 C.F.R. § 292.5(a) (2000) provides in part:

**§ 292.5 Service upon and action by attorney or representative of record.**

(a) *Representative capacity.* Whenever a person is required by any provisions of this chapter to give or be given notice; ... such notice ... shall be given by or to ... the attorney or representative of record, or the person himself if unrepresented.

There is no dispute that petitioner was unrepresented at the time he filed his appeal to the BIA and at the time he received the briefing schedule. It is also undisputed that a person may not become a representative of a party before the BIA without filing a notice of appearance. 8 C.F.R. § 3.38(d) (1994) provides:

In any proceeding before the Board wherein the respondent/applicant is represented, the attorney or representative shall file a notice of appearance on the appropriate form. Withdrawal or substitution of an attorney or representative may be permitted by the Board during proceedings only upon written motion submitted without fee.

Finally, there is no dispute that no notice of appearance form was ever filed with the BIA by anyone on behalf of the petitioner.

Thus, the state of the record before the BIA when it rendered its decision was that there was no counsel of record and petitioner was unrepresented. It follows that, when the BIA sent notice of its decision to petitioner at his last known address, it did exactly what the federal regulations contemplated. Thus, dismissal of the petition by this court would not penalize the petitioner "for the BIA's failure to comply with the terms of the federal regulations" and *Martinez–Serrano* is inapposite. *Martinez–Serrano,* 94 F.3d at 1259.

The foundation of petitioner's argument, critical in his view, is the fact that the cover of his brief disclosed that it had been prepared by an attorney named thereon, i.e., Goswani. Petitioner contends that, as a result of this record information, the BIA should have notified either counsel or petitioner that counsel needed to file a notice of appearance and that, in the absence of one, petitioner would be treated as unrepresented. This argument can succeed only if this court is willing to hold that the BIA is not entitled to refuse to recognize a purported representative who has not filed a notice of appearance. This is not the law.

The notice of appearance required by § 3.38(d), now § 3.38(g), serves important purposes. The BIA has a substantial interest in assuring that, at any given time, there is no ambiguity as to who has been given, and who has accepted, the responsibility of representing a party before it. Under the regulations, the notice of appearance constitutes an affirmative representation by the purported representative to the BIA that he or she is qualified to be a representative under the applicable regulations, that he or she has been authorized by the party on whose behalf he or she appears, and that he or she accepts the responsibility of representation until relieved.[1] It also allows the clerk or the

---

1. 8 C.F.R. § 292.4(a) (1994) provides in part:

An appearance shall be filed on the appropriate form by the attorney or representa-

computer dispatching notices for the court to scan the docket sheet to determine how to give the required notice correctly, without reviewing all documents in the record. While a petitioner undoubtedly has a statutory and constitutional Due Process right to counsel of his choice, requiring the filing of a notice of appearance does not deprive a petitioner of that right. His chosen representative may become counsel of record simply by filing the appropriate document.

In short, the failure to file a petition for review until ten months after the BIA's decision was rendered was the result of Goswani's having failed to file a notice of appearance, rather than of any impropriety on the part of the BIA. In this respect, the situation before us is analogous to that in *Lee v. INS*, 685 F.2d 343 (9th Cir.1982). The petitioners there were represented by counsel who had relocated without filing his new address with the BIA. The BIA sent the notice of its decision to counsel's address of record, and it was returned with an indication that counsel had moved. As a result, the petition for review was not filed within the statutory period. This court dismissed the untimely petition, noting that the statutory period was "mandatory and jurisdictional," *id.*, that the BIA had complied with the applicable federal regulations, and that petitioner's "attorney should have undertaken the minimal effort

necessary to notify the BIA ... of his correct address." *Id.* at 344.

Here, the BIA complied with the applicable regulations and Goswani should have undertaken the minimal effort necessary to advise the BIA that notices should be sent to his address rather than to that of petitioner. Having failed to do so, the statutory period, as in *Lee*, ran from the date of the BIA's decision.

*Colindres–Aguilar v. INS*, 819 F.2d 259 (9th Cir.1987), upon which petitioner relies most heavily, does not help his case. In *Colindres–Aguilar*, the petitioner appeared at his deportation hearing without an attorney and the hearing was continued to allow him to retain counsel. On February 1, Myers, an attorney, filed a motion on petitioner's behalf for an extension of time to file an asylum petition. On March 14, a notice of the continued hearing was sent to petitioner, but not to Myers. At the reconvened hearing on April 4, petitioner appeared without counsel and the immigration judge proceeded without asking whether petitioner was willing to waive counsel. The judge denied asylum and withholding of deportation and granted voluntary departure. Myers filed a notice of appearance, which was received on April 18. The BIA affirmed.

A timely petition for review was filed and we granted the petition, vacated the

---

tive appearing in each case.... When an appearance is made by a person acting in a representative capacity, his or her personal appearance or signature shall constitute a representation that under the provisions of this chapter he or she is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required.

In *Martinez–Zelaya v. INS*, 841 F.2d 294 (9th Cir.1988), this court stated, in dicta, that the absence of a notice of appearance in the record did not establish that an attorney who had personally appeared before the IJ at the show cause hearing was unauthorized to take

positions on petitioner's behalf at that hearing. The court observed that, under § 292.4(a), an attorney represents that he or she is authorized to represent the client whenever he signs his name *or* appears in person, suggesting that counsel made such a representation by appearing in person before the IJ. *Id.* at 296. *Martinez–Zelaya* is inapposite both because no one appeared in person before the BIA on behalf of petitioner and because it does not suggest, in any way, that the BIA must treat as an attorney of record a lawyer who has failed to file a notice of appearance.

order of the immigration judge, and remanded for further proceedings. After noting that the petitioner had a statutory and constitutional right to counsel of his choice at the hearing, we held that "the immigration judge should have ... made some brief inquiry as to whether petitioner wished to have representation before proceeding with the continued deportation hearing." *Id.* at 261. In the course of so holding, we observed that petitioner's statement at the first hearing expressing a desire for counsel and the motion filed by Myers were "strong indications" of the petitioner's desire for representation, which "prevent[ed] the immigration judge from assuming that petitioner's silence implie[d] his waiver of his right to representation." *Id.*

Petitioner argues that *Colindres–Aguilar* supports his contention that the BIA should have understood from the brief filed by Goswani that petitioner wanted representation and that, as a result, the BIA should have notified Goswani that it had not received the necessary notice of appearance.

*Colindres–Aguilar* is inapposite, however. First, it involved no issue of appellate jurisdiction. A timely petition for review was filed there, and the petition was addressed on its merits. Here, we have no jurisdiction unless we can say that the BIA did not follow the regulations on October 4, 2000, when it mailed its order to the record address in compliance with the governing regulations. As discussed previously, the BIA complied with the applicable regulations and, thus, we have no jurisdiction over this appeal.

Moreover, *Colindres–Aguilar* did not involve an issue of whether the BIA may insist on compliance with its rules of procedure. The court there indicated that if the immigration judge had ascertained that the petitioner still wanted counsel and had "*decided* that petitioner 'had had an adequate opportunity to obtain counsel,'" *id.* at 261 n. 2 (emphasis in original), he could properly have proceeded with the hearing, treating petitioner as a *pro se* litigant. We thus recognized that petitioner's right to counsel could be conditioned on compliance with reasonable rules of process. Here, it may well have been apparent that the petitioner wished representation by Goswani, but the issue is whether petitioner was entitled to have that representation without compliance with the governing rules of the tribunal. He is not.

The petition for review is dismissed for want of jurisdiction.

DISMISSED.