**Karen MAGTAGHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74156.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Karen Mgtaghyan, Glendale, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Karen Magtaghyan, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss the petition for review.

A petition for review must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The BIA mailed its decision dismissing petitioner's appeal to his counsel of record on July 19, 2004, and petitioner, through counsel, filed his petition for review with this court 32 days later, on August 20, 2004.

On May 1, 2006, this court ordered petitioner to show cause in writing why the petition for review should not be dismissed as untimely. Petitioner's response appears to contend that the petition is late

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

due to ineffective assistance of counsel. A claim of ineffective assistance of counsel may be raised with the district court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Dearinger v. Reno*, 232 F.3d 1042 (9th Cir.2000).

Accordingly, the petition for review is dismissed for lack of jurisdiction. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003) (noting that the 30–day time limit for filing is mandatory and jurisdictional, and begins to run when the BIA mails its decision to petitioner's counsel of record). This dismissal is without prejudice to filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Dearinger*, 232 F.3d 1042.

Petitioner's "Motion for Acceptance of Late–Filing of Petition for Review" is denied. Respondent's motion to dismiss, filed on June 9, 2006, is denied as moot.

**PETITION FOR REVIEW DISMISSED.**