Dolores **TELLEZ–MUNGUIA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–75184.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Jan. 11, 2007.

Victor M. Cueto, Esq., Santa Ana, CA, for Petitioner.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Dolores Tellez–Munguia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reconsider or reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and review for abuse of discretion the denial of a motion to reopen or reconsider. *See Yeghiazaryan v. Gonzales,* 439 F.3d 994, 998 (9th Cir.2006); *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA construed Tellez–Munguia's motion as both a motion to reopen and a motion to reconsider. It concluded that as a motion to reopen, the motion exceeded the numerical limit for motions to reopen under 8 C.F.R. § 1003.2(c)(2). It also concluded that, to the extent that Tellez–Munguia was seeking reconsideration, the motion exceeded the numerical limit for motions to reconsider under 8 C.F.R. § 1003.2(b)(2).

The certified administrative record indicates that Tellez–Munguia had exhausted the limits for both types of motions by previously submitting a Motion to Reopen and/or Reconsider, which presented new evidence and raised legal arguments. The second motion substantially repeated the first motion,[1] but also presented additional evidence and contained new legal arguments. Thus, the BIA properly concluded that the second motion was numerically barred.

We are without jurisdiction to review either the BIA's order summarily affirming the Immigration Judge's removal order or the BIA's May 6, 2004 order denying Tellez–Munguia's first Motion to Reopen and/or Reconsider because neither were timely appealed. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003). Therefore, we cannot consider the merits of Tellez–Munguia's underlying claim.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. The first Motion to Reopen and/or Reconsider misconstrued the decision of the Immigration Judge, argued for discretionary relief although Tellez–Munguia had been deemed statutorily barred from such relief, and cited to *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), without attempting to comply with its requirements. The second motion was a nearly verbatim repeat of the previous motion; it disregarded the BIA's previous determination that Tellez–Munguia had failed to comply with *Matter of Lozada,* repeating the ineffective assistance claim and again citing the case as authority without addressing its requirements.