**Andre MIRZAYANTS; Armenuhi Nazaryan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75587.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 15, 2007.

Monica Mansouri, Mansouri And Sheeno, Sherman Oaks, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark L. Gross, Esq. U.S. Department of Justice Civil Rights Division/Appellate Section, Allison R. Brown, Dept. of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Andre Mirzayants and his wife Armenuhi Nazaryan, citizens of Armenia, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider the BIA's prior order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying petitioners' motion to reconsider because petitioners did not identify an error of fact or law in the BIA's June 1, 2005 order concluding petitioners failed to show how their new evidence established their eligibility for relief, given the agency's adverse credibility determination. *See* 8 U.S.C. § 1229a(c)(6)(C) (requiring a motion to reconsider to specify errors of fact or law in the previous order).

To the extent petitioners seek review of the BIA's June 1, 2005 order denying their motion to reopen, we lack jurisdiction because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

