XINJIU **ZHENG**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–70937.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 16, 2007.*

Filed May 25, 2007.

Xinjiu Zheng, Rosemead, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Holly M. Smith, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM **

Xinjiu Zheng, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and we grant in part and dismiss in part the petition for review.

The BIA abused its discretion in denying Zheng's motion to reopen on the basis of changed country conditions. According to the evidence provided with Zheng's motion to reopen, Chinese authorities frequently come to Zheng's home looking for him and threaten his family. This evidence is sufficient to establish changed circumstances in China. *See id.* at 947 (facts supporting motion to reopen must be accepted as true unless inherently unbelievable). Accordingly, we grant the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition for review in part and remand for further proceedings.

■ We lack jurisdiction, however, to review the BIA's underlying order dismissing Zheng's direct appeal from the IJ's decision because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**