Gabriela Galvez **DE RAMIREZ,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–74849.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Gabriela Galvez De Ramirez, Irvine, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mona Maria Yousif, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., M. Jocelyn Wright, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Gabriela Galvez De Ramirez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Ap-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We review de novo claims of constitutional violations in immigration proceedings. *See id.* at 894. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Galvez De Ramirez's motion to reopen because she failed to state any new facts or present any new evidence to demonstrate the requisite physical presence. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

Galvez De Ramirez contends the immigration judge ("IJ") violated due process by not allowing her to clarify her entry date. However, Galvez De Ramirez made no showing that additional testimony may have affected the outcome of the proceedings where the record indicates that when she appealed the IJ's decision, she reiterated her August 1991 entry date. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review the BIA's underlying order dismissing Galvez De Ramirez's direct appeal from the IJ's decision denying cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**