**Saul Aguilar RODRIGUEZ; Rosalba Rodriguez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74848.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

Saul Aguilar Rodriguez, Santa Ana, CA, pro se.

Rosalba Rodriguez, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

**MEMORANDUM ***

Saul Aguilar Rodriguez and Rosalba Rodriguez, spouses and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the motion was filed more than 16 months after the BIA's April 6, 2006 order, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of final order), and petitioners failed to establish grounds for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available when "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent petitioners challenge the BIA's April 6, 2006 order dismissing their underlying appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.