**Manuel Antonio Carias ORDONEZ,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**
**General, Respondent.**

No. 06–73917.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 7, 2009.

Law Office of Hakeem Ishola, Salt Lake City, UT, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Jeffrey L. Menkin, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Manuel Antonio Carias Ordonez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005), we deny in part and dismiss in part the petition for review.

▮ The BIA did not abuse its discretion in denying Carias Ordonez's motion to reopen because he failed to show that ineffective assistance of counsel prevented him from attending his hearing where he conceded that he lost his notice of hearing. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, "the petitioner must demonstrate first that counsel failed to perform with sufficient competence").

▮ We lack jurisdiction to review the BIA's underlying order dismissing Carias Ordonez's direct appeal from an immigration judge's decision denying his first motion to reopen because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

▮ We also lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte and under its certification authority. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

