MEMORANDUM **
Jing Li, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.
*306 The BIA did not abuse its discretion by denying Li’s second motion to reopen because the motion to reopen was numerically barred and did not meet any of the regulatory exceptions. See 8 C.F.R. § 1003.2(c)(2) — (3). Li’s contention that the BIA improperly construed her “request for action” as a second motion to reopen is not persuasive because it sought to introduce new evidence. See 8 C.F.R. § 1003.23(b)(3); see also Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005) (where a petitioner improperly titles a motion, the BIA should construe the motion based on its underlying purpose).
To the extent Li seeks review of the BIA’s sua sponte denial of her motion, the court lacks jurisdiction to review that decision. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
We also lack jurisdiction over Li’s contentions regarding due process violations arising from the BIA’s 2002 order because this petition for review is not timely as to that order. See 8 U.S.C. § 1252(b)(1); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir.2003).
PETITION for REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.