**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SANTOS TORRES-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 06-71447 <br> 07-72629 <br><br> Agency No. A035-214-914 <br><br> MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated petitions for review, Jose Santos Torres-Garcia, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TL/Research

order of removal and denying his subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). In 06-71447, we deny the petition for review. In 07-72629, we deny in part and dismiss in part the petition for review.

Torres-Garcia's conviction for violating Cal. Health & Safety Code § 11379(a) is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) because the record of conviction establishes that he was convicted of selling methamphetamine. *Cf. Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1128 (9th Cir. 2007). In addition, Torres-Garcia's former counsel conceded before the IJ that his conviction for violating Cal. Health & Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

The BIA did not abuse its discretion in denying Torres-Garcia's motion to reopen as untimely because the motion was filed almost a year after the final administrative order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Torres-Garcia did not show he was entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

Although we have jurisdiction to review Torres-Garcia's contention that the application of § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") has an impermissibly retroactive effect in his case, *Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1130 (9th Cir. 2007), his contention lacks merit because he was convicted after AEDPA's effective date, *id.* at 1133.

We lack jurisdiction to review the BIA's decision whether to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**In 06-71447, PETITION FOR REVIEW DENIED.**

**In 07-71860, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**