**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVINDER KAUR, | No. 08-75226 |
| Petitioner, | Agency No. A078-642-533 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Jasvinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her sixth motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Kaur's sixth motion to reopen as untimely and numerically barred where the motion was filed more than 90 days after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to establish changed country conditions in India to qualify for the regulatory exception to the time and number limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

To the extent Kaur challenges the BIA's January 28, 2003, order summarily affirming the immigration judge's adverse credibility determination, we lack jurisdiction because her petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-75226