**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT NERSISYAN, | No. 08-71658 |
| Petitioner, | Agency No. A078-649-110 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011**

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Robert Nersisyan, a native of the former Soviet Union and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying his motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen.  *Iturribarria v.*

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Nersisyan's motion to reopen as untimely because he did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to demonstrate material changed circumstances in Armenia to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed circumstances).

We decline to consider the new evidence Nersisyan references in his opening brief because our review of the BIA's order is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

To the extent Nersisyan seeks review of the BIA's April 1, 2003, decision dismissing his underlying appeal, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**