**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEIKH NURUL HAQUE, | No. 08-73548 |
| Petitioner, | Agency No. A077-843-800 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Sheikh Nurul Haque, a native and citizen of the Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2000), and we review for abuse of discretion the denial of motions to reconsider or reopen, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in construing Haque's motion to reconsider as a motion to reopen. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005); *see also* 8 C.F.R. § 1003.2(c) (a motion to reopen seeks to present new facts that would entitle the alien to relief from deportation). So construed, the BIA did not abuse its discretion in denying the motion because Haque failed to establish that his supporting evidence was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1).

We reject Haque's contention that the BIA violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

To the extent Haque challenges the BIA's March 24, 2008, order denying his motion to reopen, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. §1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**