**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA LUCIA BERNAL GARCIA; ANDRES ALBERTO VELEZ BERNAL; YURI MARCELA VELEZ BERNAL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70226 <br><br> Agency Nos. A095-198-963 <br> A095-198-959 <br> A095-198-961 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Martha Lucia Bernal Garcia, Andres Alberto Velez Bernal, and Yuri

Marcela Velez Bernal, natives and citizens of Colombia, petition for review of the

Board of Immigration Appeals' ("BIA") order denying their motions to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion the agency's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The BIA did not abuse its discretion in denying Andres and Martha's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish changed circumstances in Colombia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996-97.

We lack jurisdiction to review petitioners' contentions regarding the BIA's October 28, 2004 order affirming the immigration judge's decision denying their underlying claims for asylum, withholding of removal and relief under the Convention Against Torture, because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Finally, we grant the government's request to remand the petition for review as to Yuri's (A095-198-961) separate motion to reopen, in order for the BIA to address her claims in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a [party]."); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

09-70226

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part;**

**GRANTED in part; REMANDED.**