**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNY KURNIAWAN JOSO; LILIAWATI ANTAREDJO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72704 <br><br> Agency Nos. A096-051-807 <br> A096-051-808 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012**

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ronny Kurniawan Joso and Liliawati Antaredjo, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen their withholding of removal claim in light of this court's disfavored group cases because petitioners did not demonstrate sufficient individualized risk to show it is more likely than not they would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail").

The BIA also did not abuse its discretion in denying petitioners' untimely motion to reopen because they did not establish materially changed conditions in Indonesia to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989-90. Further, we reject petitioners' contention that the BIA's decision was insufficient. *See id.* at 990 (BIA need not "write an exegesis on every contention") (internal quotations and citation omitted).

Finally, we lack jurisdiction to review petitioners' challenge to the BIA's July 20, 2005, decision because this petition is not timely as to that decision. *See*

2                                                                    10-72704

*Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**