**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FABIO ALVARADO-CRUZ, | No. 12-72803 |
| Petitioner, | Agency No. A029-274-798 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Fabio Alvarado-Cruz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his motion to reopen deportation proceedings.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Alvarado-Cruz's motion to reopen as untimely where the motion was filed more than twenty years after his deportation order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Alvarado-Cruz failed to demonstrate the due diligence required to obtain equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

To the extent Alvarado-Cruz raises a due process challenge to the agency's 1990 order granting him voluntary departure, we lack jurisdiction to consider it because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

In light of this disposition, we do not reach Alvarado-Cruz's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**