**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LETICIA LOPEZ-GUTIERREZ; et al., | No. 10-73712 |
| Petitioners, | Agency Nos. A099-057-763 |
| v. | A099-057-764 |
| | A099-057-765 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Leticia Lopez-Gutierrez, Ana Brigite Lopez-Lopez, and Angel Max Lopez-

Lopez, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") order denying their motion to reopen based on

ineffective assistance of counsel.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen where they failed to establish prejudice arising from any alleged ineffective assistance by their former attorney. *See id.* at 793-94 ("[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." (emphasis in original) (internal quotation marks omitted)).

Petitioners failed to exhaust their contention regarding their former attorney's failure to advise them of the possibility of applying for withholding of removal and protection under the Convention Against Torture. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We lack jurisdiction to review petitioners' contentions regarding the BIA's 2009 dismissal of their appeal and denial of their motion to remand because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**