**Jose Marvin APARICIO–BARRERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–71905.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Azubuike (Azu) Osemene, Van Nuys, CA, for Petitioner.

Katharine Clark, Esquire, Trial, Shelley Goad, Assistant Director, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jose Marvin Aparicio–Barrera, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the denial of his second motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and we review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review any challenge to the BIA's February 23, 2012, decision denying Aparicio–Barrera's second motion to reopen, because he did not file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003) (30 day filing period for petition for review is mandatory and jurisdictional).

The BIA did not abuse its discretion in denying Aparicio–Barrera's motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1); *Mohammed*, 400 F.3d at 791 (when reviewing agency for abuse of discretion, court can "reverse only if the Board acted arbitrarily, irrationally, or contrary to law"). We reject Aparicio–Barrera's contention that the BIA's decision improperly stripped him of all Constitutional protections. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.