**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ARTURO MEDELLIN-LOYOLA, | No. 14-70558 |
| Petitioner, | Agency No. A087-530-928 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Arturo Medellin-Loyola, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision denying his motion to

reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

of discretion the denial of a motion to reopen or reconsider. *Mohammed v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Medellin-Loyola's motion. Construed as a motion to reconsider, the motion failed to specify any error of fact or law in the prior order. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). Construed as a motion to reopen, the motion failed to establish prima facie eligibility for cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief).

We lack jurisdiction to review the agency's denial of Medellin-Loyola's request for administrative closure. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118-20 (9th Cir. 2009).

To the extent Medellin-Loyola challenges the agency's September 16, 2013, order dismissing his underlying appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Finally, we deny the government's motion for judicial notice of documents outside the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.