**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QINGXIAN XIE; CESAR FERNANDO XIE LU, AKA Cesar Fernando Chi Lu,<br><br>      Petitioners,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>      Respondent. | No.   18-70498<br><br>Agency Nos.   A206-214-389<br>                   A206-214-390<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[***] District Judge.

Qingxian Xie, a native and citizen of China, and Cesar Fernando Xie Lu, a

native and citizen of Honduras, petition for review of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Appeals' ("BIA") January 23, 2018 decision denying their motion to reopen removal proceedings and the BIA's July 29, 2016 decision affirming the Immigration Judge's final order of removal.

We review jurisdictional questions de novo. Abdisalan v. Holder, 774 F.3d 517, 521 (9th Cir. 2014) (en banc), *as amended* (Jan. 6, 2015). "We review denials of motions to reopen for abuse of discretion, and defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010) (citations omitted). We dismiss the petition for review in part, and deny the petition in part.

Although petitioners' appeal of the BIA's January 23, 2018 decision denying their motion to reopen is timely, we lack jurisdiction to address the issues raised in the petition related to the BIA's July 29, 2016 decision affirming the Immigration Judge's final order of removal. Petitioners failed to file a petition for review of the BIA's July 29, 2016 decision within the mandatory 30 days after the issuance of the order, see 8 U.S.C. § 1252(b)(1) (providing that a "petition for review must be filed not later than 30 days after the date of the final order of removal"), and neither exception to this rule applies, see Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003) (stating that otherwise untimely petitions may be reviewed if there has been official misleading or if the BIA failed to mail its decision to the petitioner).

We therefore dismiss the petition for review to the extent it challenges the July 29, 2016 decision.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where petitioners filed the motion more than a year after the BIA's final order of removal, see 8 C.F.R. § 1003.2(c)(2) (providing that the motion to reopen must be filed within 90 days of the final order of removal), and failed to submit new and material evidence of changed country conditions in China that would excuse the late filing, see 8 C.F.R. § 1003.2(c)(3)(ii); He v. Gonzales, 501 F.3d 1128, 1132 (9th Cir. 2007) (holding that birth of children in the United States is a change in personal circumstances that "alone is insufficient" to "establish changed circumstances in the country of origin").

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely based on ineffective assistance of counsel because the motion was filed more than a year after the BIA's final order of removal, see 8 C.F.R. § 1003.2(c)(2), and petitioners failed to demonstrate that they acted with the due diligence required for equitable tolling, see Avagyan v. Holder, 646 F.3d 672, 679 (9th Cir. 2011) (recognizing that equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, provided the petitioner exercises due diligence in discovering such circumstances).

Finally, because we determine that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, we need not determine whether the BIA abused its discretion in denying petitioners' motion to reopen based on its determination that petitioners failed to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. See Toufighi v. Mukasey, 538 F.3d 988, 993 (9th Cir. 2008) (declining to address whether the petitioner was ineligible to apply for an adjustment of status, pursuant to 8 U.S.C. § 1229c(d)(1)(B), after determining that the BIA properly determined that the motion to reopen was untimely).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**