NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSVALDO BUENROSTRO-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.   17-73029<br><br>Agency No. A092-998-803<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Osvaldo Buenrostro-Hernandez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the BIA's denial of a motion to reopen

---

    *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Buenrostro-Hernandez's motion to reopen as untimely, where it was filed more than five months after the order of removal became final, and Buenrostro-Hernandez did not establish changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (movant required to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We lack jurisdiction to review the BIA's denial of sua sponte reopening where Buenrostro-Hernandez has not raised a legal or constitutional error. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Buenrostro-Hernandez's contentions that the agency violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). We rejected as unsupported by the record Buenrostro-Hernandez's contentions that the immigration judge failed to grant a motion to reopen. We lack jurisdiction to consider Buenrostro-Hernandez's contentions relating to the immigration judge's denial of relief under former INA §

212(c), 8 U.S.C. § 1182(c) because he failed to file a timely petition for review of that order.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**