**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFELIA FLORES VELASCO; MAGDALENA FLORES VELASCO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-74217 <br><br> Agency Nos. A079-525-152 <br> A079-525-153 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ofelia and Magdalena Flores Velasco, sisters and natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order summarily affirming an immigration judge's decision denying their motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JTK/Research

to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen for failure to establish prima facie eligibility for cancellation of removal where neither petitioner had a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *Ordonez*, 345 F.3d at 785 (to establish a prima facie case, the evidence must reveal a reasonable likelihood that the statutory requirements for relief have been satisfied).

To the extent that petitioners challenge the BIA's September 16, 2005, November 29, 2005, or February 2, 2006, orders, we lack jurisdiction to review them because this petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**