**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ANGEL SANCHEZ SUAREZ;
MARIA DEL PILAR CAMACHO SOLIS,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70499

Agency Nos. A075-481-916
A075-481-917

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jose Angel Sanchez Suarez and Maria Del Pilar Camacho Solis, husband

and wife and natives and citizens of Mexico, petition pro se for review of the

Board of Immigration Appeals' ("BIA") order denying their motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal proceedings. To the extent we have jurisdiction it is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003) and de novo claims of constitutional violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than one year after the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

Contrary to the petitioners' contention, Congress did not violate the constitution when it repealed suspension of deportation, and replaced it with cancellation of removal as the available form of relief for aliens who were placed in removal proceedings on or after April 1, 1997. *See Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir. 2003); *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-65 (9th Cir. 2002).

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'").

2

Petitioners' due process challenge to NACARA also fails. *See Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir. 2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

We lack jurisdiction to review the BIA's July 22, 2005, order dismissing petitioners direct appeal from an immigration judge's decision denying their application for cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Further, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**