NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED NURUZZAMAN, | No. 07-74438 |
| Petitioner, | Agency No. A072-530-340 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Mohammed Nuruzzaman, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Nuruzzaman's second motion to reopen as untimely and number-barred, *see* 8 C.F.R. §§ 1003.2(c)(2), because Nuruzzaman failed to present sufficient evidence of changed circumstances in Bangladesh to qualify for the regulatory exception to the time and number limits for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Contrary to Nuruzzaman's contention, the BIA did not fail to acknowledge arguments or weigh evidence submitted with the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Nuruzzaman's contention that the BIA erred by applying an incorrect legal standard also lacks merit.

To the extent Nuruzzaman challenges the BIA's December 17, 2002 order, we lack jurisdiction to review it because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

07-74438