**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KUI TONG, | No. 08-70701 |
| Petitioner, | Agency No. A095-291-557 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Kui Tong, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings to apply for asylum, withholding of removal and protection under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Tong's motion to reopen as untimely because Tong filed it more than ninety days after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The exception to the time limit based on changed country conditions does not apply because Tong's letter from his "Elder Brother" did not present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He*, 501 F.3d at 1131.

We lack jurisdiction to review the BIA's order dismissing Tong's direct appeal from the immigration judge's decision because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F. 3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**