**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ALBERTO ARGUELLO-MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74812<br><br>Agency No. A029-204-210<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:     LEAVY, HAWKINS, and IKUTA, Circuit Judges.

David Alberto Arguello-Marquez, a native and citizen of Nicaragua,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying his motion to reopen removal proceedings. We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to open, and review de novo claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review de novo the legal question of whether a petitioner is a national of the United States. *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 966 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Arguello-Marquez's motion to reopen because he failed to establish that his former counsel's representation resulted in prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's conduct may have affected the outcome of the proceedings).

Arguello-Marquez's contention that he is a United States national by virtue of his registration for the Selective Service is foreclosed by *Perdomo-Padilla*, 333 F.3d at 969 (holding that "one may become a 'national of the United States' only through birth or by completing the process of becoming a naturalized citizen").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

To the extent that Arguello-Marquez challenges the BIA's March 27, 2008, order dismissing his underlying appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**