**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JOHN BURROWS, | No. 08-73883 |
| Petitioner, | Agency No. A013-016-711 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Michael John Burrows, a native and citizen of Canada, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen and reissue its prior decision.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of motions to reopen, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Burrows' motion to reopen because the motion was filed more than two years after the BIA's April 19, 2005, order, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days of the final order), and Burrows failed to establish that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 894 (deadline can be equitable tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

To the extent Burrows seeks review of the BIA's April 19, 2005, decision denying his underlying appeal, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-73883