**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK GATHIGI KARANJA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70564

Agency No. A088-736-495

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Patrick Gathigi Karanja, a native and citizen of Kenya, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Karanja does not raise any challenge to the BIA's determination that his asylum application is time-barred.

Substantial evidence supports the BIA's finding that Karanja did not establish past persecution or a clear probability of future persecution in Kenya because he failed to demonstrate that a protected ground was at least one central reason for the death of his father. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009). Accordingly, Karanja's withholding of removal claim fails.

We reject Karanja's contention that the BIA failed to address his CAT claim because it expressly found he failed to raise any argument regarding the IJ's denial of CAT relief. We lack jurisdiction to consider the merits of Karanja's CAT claim because he did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we lack jurisdiction to review Karanja's remaining contentions because they are either unexhausted, *see Barron*, 358 F.3d at 678, or challenge a BIA order that is not properly before this court, *see* 8 U.S.C. § 1252(a)(5) (a petition for review is the exclusive means of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**