**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULVINDER SINGH, | No. 10-71136 |
| Petitioner, | Agency No. A075-245-991 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Kulvinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion, *Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we deny in part and dismiss in part the petition for review.

Singh contends he is not subject to the time or number restrictions on motions to reopen provided by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), because his proceedings, which commenced on December 9, 1996, were instituted before the effective date of the Act, *i.e.*, April 1, 1997. Singh's contention lacks merit because the regulatory time and number restrictions on motions to reopen were promulgated prior to the effective date of IIRIRA. *See* 8 C.F.R. § 3.2(c)(2) (1996) (as revised by 61 Fed. Reg. 18900 (April 29, 1996)) (with exceptions "a party may file only one motion to reopen proceedings ... and that motion must be filed not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later"); *see also Azarte v. Ashcroft*, 394 F.3d 1278, 1283 (9th Cir. 2005), *abrogated on other grounds by Dada v. Mukasey*, 554 U.S. 1, 19-21 (2008) (regulatory time limitation on motions to reopen promulgated prior to enactment of IIRIRA).

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where it was filed nearly four years after the BIA's prior order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish prima facie eligibility for relief, *see Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence

must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions).

In his opening brief, Singh fails to raise any challenge to the BIA's dispositive determination that his motion to reconsider was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised or argued in a party's opening brief are waived).

Finally, we lack jurisdiction to review Singh's contentions regarding the BIA's April 24, 2002, order, because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**