**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NSHAN ZADELYAN; AZNIV ANTONYAN; RUBEN ZADELYAN; KARAPET ZADELYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74986 <br><br> Agency Nos.   A075-609-856 <br>   A075-609-857 <br>   A075-609-858 <br>   A075-609-859 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Nshan Zadelyan, his wife Azniv, and their two sons Karapet and Ruben,

natives of Armenia, petition for review of an order by the Board of Immigration

Appeals (BIA) denying their motion to reopen. We review the denial of a motion

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to reopen for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252. The facts of this case are known to the parties. We need not repeat them here.

We lack jurisdiction to review the BIA's June 29, 2006 order denying the Zadelyans' asylum, withholding of removal, and Convention Against Torture claims. Petitioners failed to seek timely review; the "time limit is mandatory and jurisdictional, and cannot be tolled." *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

The BIA did not abuse its discretion in denying Petitioners' untimely motion to reopen. Petitioners failed to prove that either changed country conditions, *see Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), or ineffective assistance of counsel, *see Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir. 2003), should excuse their tardiness.

Appellants' argument that we did not previously rule on the immigration judge's (IJ's) adverse credibility decision is incorrect. We did consider and affirm the IJ's adverse credibility decision, and that is the law of the case. The BIA did not err by relying on the adverse credibility decision when considering changed country conditions because the adverse credibility decision was the law of the case and the alleged new facts were insufficient to warrant reopening the case.

The BIA also did not err in rejecting Karapet and Ruben's asylum claim. The Board correctly concluded that the twins' nineteen-month delay in filing their claim after turning twenty-one was not a "reasonable period." *See* 8 C.F.R. § 1208.4(a)(4)(i)(C) & (ii).

Finally, the BIA did not err in denying Petitioners' motion to reopen on account of their confidentiality claim concerning 8 C.F.R. § 1208.6(a). The Zadelyans concede that they have no evidence that the Armenian government actually uses PACER to persecute asylum seekers.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.