**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFIA ALBERTINA COLOP-GOMEZ; et al., | No. 08-74238 |
| Petitioners, | Agency Nos. A098-591-743 |
| v. | A098-591-744 |
| | A098-591-745 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Sofia Albertina Colop-Gomez and her children, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order denying her motion to reopen removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Colop-Gomez's motion to reopen because it considered the record and acted within its broad discretion in determining the evidence was insufficient to warrant reopening. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Toufighi*, 538 F.3d at 996-97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We reject Colop-Gomez's contention that the BIA did not adequately examine her evidence because she has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Finally, we lack jurisdiction to review Colop-Gomez's challenge to the immigration judge's underlying adverse credibility determination because this petition for review is not timely as to the agency's order finding her not credible. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003); 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**