**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONI FEDERICO GRAMAJO MONTERROSO and RUTH A. RODRIGUEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70443 <br><br> Agency Nos. A070-857-782 <br> A099-054-660 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Yoni Federico Gramajo Monterroso and Ruth A. Rodriguez, natives and

citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reconsider the BIA's earlier

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision dismissing their appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and review de novo due process challenges. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of law or fact in the BIA's October 7, 2010, order. *See* 8 C.F.R. § 1003.2(b)(1). Petitioners' contention that the denial of their motion to reconsider violated due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a due process violation).

To the extent that petitioners challenge the BIA's underlying order dismissing their appeal, we lack jurisdiction because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petitions for review must be filed within 30 days of the final order of removal); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**