**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO CASTREJON-TELLES, | No. 11-71863 |
| Petitioner, | Agency No. A037-441-199 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Rigoberto Castrejon-Telles, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Castrejon-Telles' motion to reopen as untimely where the motion was filed more than twenty-one years after the BIA's July 5, 1989, order affirming the immigration judge's order of deportation, and Castrejon-Telles did not establish that an exception to the filing deadline applied. *See* 8 C.F.R. §§ 1003.2(c)(2) (A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."), 1003.2(c)(3) (providing exceptions).

To the extent the BIA also concluded that equitable tolling did not apply, the BIA did not abuse its discretion in denying the motion on the ground that Castrejon-Telles failed to establish due diligence. *See Avagyan*, 646 F.3d at 678-80 (equitable tolling is available to a petitioner who establishes deception, fraud or error, and exercised due diligence in discovering such circumstances).

We lack jurisdiction to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen deportation proceedings under 8 C.F.R. § 1003.2(a). *See Sharma v. Holder,* 633 F.3d 865, 874 (9th Cir. 2011).

Castrejon-Telles' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**