**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KEWAL SINGH,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 11-73540<br><br>Agency No. A071-788-881<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Kewal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings based on changed country conditions and ineffective assistance of

counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed more than five years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate a material change in circumstances in India to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

In his opening brief, Singh fails to raise, and therefore has waived, any challenge to the BIA's determination that he failed to demonstrate the due diligence required for equitable tolling of the filing deadline based on the alleged ineffective assistance of prior counsel. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (issues not raised in a petitioner's opening brief are deemed waived. In light of this disposition, we do not reach Singh's other contentions regarding the ineffective assistance of prior counsel.

We lack jurisdiction to review Singh's challenges to the agency's underlying order denying relief under the Convention Against Torture because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**