FILED

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDOL REZA SOLTANPOUR, a.k.a. Afshin Soltanpour, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70855 <br><br> Agency No. A075-523-897 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Abdol Reza Soltanpour, a native and citizen of Iran, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings based on ineffective assistance of counsel.  Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Soltanpour's motion to reopen as untimely where the motion was filed more than six years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Soltanpour failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

In light of our disposition, we do not reach Soltanpour's contentions regarding prejudice from the alleged ineffective assistance of counsel.

We lack jurisdiction to review Soltanpour's challenge to the underlying orders denying his applications for adjustment of status, asylum, withholding, and protection under the Convention Against Torture because the petition for review is not timely as to those orders.  *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**