**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELSO ENRIQUE JAMIE-SANCHEZ, | No. 19-70826 |
| Petitioner, | Agency No. A205-835-220 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Adelso Enrique Jamie-Sanchez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeal's ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Jamie-Sanchez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (holding that young Guatemalan men who resist gang recruitment is not a particular social group).

Substantial evidence supports the agency's determination that Jamie-Sanchez failed to demonstrate that the harm he experienced or fears in Guatemala was or would be on account of a protected ground, including his religion.. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622

2                                                                              19-70826

F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Jamie-Sanchez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Jamie-Sanchez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Jamie-Sanchez's arguments relating to his initial removal proceedings because he failed to file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**