**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITA CHAVEZ-GONZALEZ, | No. 20-73603 |
| Petitioner, | Agency No. A074-433-142 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Margarita Chavez-Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Chavez-Gonzalez's motion to reconsider as untimely where it was filed more than 30 days after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(6)(B) (motion to reconsider must be filed within 30 days of final order of removal), and Chavez-Gonzalez did not present sufficient evidence for equitable tolling of the filing deadline, *see Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("Equitable tolling is applied in situations where, despite all due diligence, the party requesting equitable tolling is unable to obtain vital information bearing on the existence of the claim." (citation and internal quotation marks omitted)).

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte. *See Mejia-Hernandez*, 633 F.3d at 823-24; *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We also lack jurisdiction to review Chavez-Gonzalez's contentions concerning due process, ineffective assistance of counsel, and changed country conditions because the contentions relate to the BIA's denial of her second motion to reopen, and she failed to timely file a petition for review of that decision. *See*

8 U.S.C. § 1252(b)(1) (providing that petition for review must be filed no later than 30 days after the final order of removal); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

Chavez-Gonzalez's motion to supplement the record is denied. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record on which the order of removal is based); *see also Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**