NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAOQING CHEN, | No. 19-72345 |
| Petitioner, | Agency No. A088-113-526 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Shaoqing Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

575, 581 (9th Cir. 2016). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely and number-barred, where it was his fourth such motion, it was filed over nine years after his final order of removal, and he failed to show he qualifies for any exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2)-(3).

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte where Chen does not raise a colorable legal or constitutional error to invoke our jurisdiction. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Chen's contentions that the BIA did not sufficiently explain its decision, applied an incorrect standard, or otherwise erred in its analysis of his motion fail as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA does not have to write an exegesis on every contention).

We lack jurisdiction to address Chen's contentions concerning his prior motions to reopen where he failed to file timely petitions for review of those

decisions.  *See* 8 U.S.C. § 1252(b)(1) (providing that petition for review must be filed within 30 days of final order of removal); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**