NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS AGUILAR MEJIA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 16-70850 Agency No. A075-479-849 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Jose Luis Aguilar Mejia, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Aguilar Mejia's motion to reopen as untimely where the motion was filed two years after the final order of removal, and where Aguilar Mejia failed to demonstrate a material change in country conditions in El Salvador to qualify for an exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (petitioner failed to submit material evidence of qualitatively different country conditions).

In light of this disposition, we need not reach Aguilar Mejia's remaining contentions regarding his particular social group. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We lack jurisdiction to consider Aguilar Mejia contentions related to his initial proceedings because he did not timely petition for review as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**